Filed 2/27/26  VolumeFi Software v. Manian CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| VOLUMEFI SOFTWARE, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ZAKI MANIAN, <br><br> Defendant and Appellant. | H052148 <br> (Santa Clara County <br> Super. Ct. No. 22CV402055) |

VolumeFi Software, Inc. sued Zaki Manian for intentional interference with contractual and prospective economic relations, alleging Manian's false statements to nonparty Sommelier, Ltd. induced Sommelier to breach its contract with VolumeFi.  The trial court denied Manian's special motion to strike the intentional interference with contract claim under the anti-SLAPP statute.  (Code Civ. Proc., § 425.16.)  As we will explain, we agree the claim did not arise from protected statements, and we will affirm the order.

## I.    BACKGROUND

Plaintiff VolumeFi is a startup that entered into a five-year contract in April 2021 to market nonprofit Sommelier's blockchain product and grow its user community.  The contract required Sommelier to pay plaintiff a "success fee" of 20,000,000 Sommelier tokens by November 2021 after 1,000 successful Sommelier transactions.  Plaintiff asserts it successfully met the transaction metric.  The contract also included a $3,000,000 early termination fee.

According to the complaint, Manian "is a prominent individual in the cryptocurrency and blockchain space," and he was aware of the contract between plaintiff and Sommelier at the time of its execution. Although not Sommelier's agent or employee, he helped design and develop Sommelier's platform and provided consulting services for Sommelier through his company PeggyJV, Inc. His duties included managing Sommelier's treasury and administering plaintiff's contract with Sommelier. Manian met with plaintiff's CEO Taariq Lewis to review the Sommelier project, controlled plaintiff's access to Sommelier's software development environment and network, and reported plaintiff's progress to Sommelier's director on a monthly basis.

After Sommelier terminated the contract, plaintiff sued Manian for intentional interference with contractual and prospective economic relations. Plaintiff alleged Manian had conflicting interests in Sommelier tokens and falsely represented to Sommelier that plaintiff did not perform under the contract, had poor work performance, and engaged in improper invoice and business practices. According to the complaint, Sommelier refused to pay the contractual success and early termination fees because of Manian's false representations. Plaintiff also alleged Manian interfered with multiple other economic opportunities and relationships by making the same false representations to others in order to paint plaintiff in a bad light.

Manian moved to strike the intentional interference with contract claim under Code of Civil Procedure section 425.16, the anti-SLAPP statute. He argued he shared the performance information with Sommelier only after plaintiff sent him and Sommelier a demand letter in February 2022. According to Manian, Sommelier then undertook its own investigation into plaintiff's conduct and terminated the contract and its payment obligations for cause. Manian thus argued the statements were protected by the litigation privilege and common interest privilege.

Supported by three declarations from VolumeFi employees, including CEO Lewis, plaintiff argued in opposition that Manian interfered with the contract well before the

demand letter was sent, the letter serving merely to preserve plaintiff's right to pursue all available legal remedies.  Plaintiff argued that the anti-SLAPP statute did not cover Manian's alleged conduct such as cutting off plaintiff's network access to Sommelier's code environment, unilaterally cancelling meetings between plaintiff and Sommelier to slow information flow between the two, and attempting to steer plaintiff's employees to work for him.  Plaintiff maintained that Manian's communications fell into the anti-SLAPP statute's commercial speech exception and that it had successfully pled a prima facie case.

In its written order, the trial court determined plaintiff's intentional interference claim arose from conduct preceding its demand letter, and therefore did not implicate the anti-SLAPP statute.  The trial court referenced a December 2021 email Manian sent plaintiff purporting to terminate the contract with Sommelier.  The court also noted Manian's acts before the demand letter, such as suspending access to the Sommelier network, cancelling meetings about the project, and attempting to recruit plaintiff's employees.  In its ruling, the trial court declined to address Manian's objections to plaintiff's supporting declarations, finding "they are not material to the outcome of the motion."

## II.    DISCUSSION

### A.  THE ANTI-SLAPP STATUTE

The anti-SLAPP statute protects defendants from meritless lawsuits that may chill the exercise of their rights to speak and petition on public matters.  (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 883–884 (*Wilson*).)  A defendant may move to strike claims arising from any act "in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue … unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  (Code Civ. Proc., § 425.16, subd. (b)(1); undesignated statutory references are to this Code.)  Courts

3

evaluate anti-SLAPP motions in a two-step process.  (*Wilson*, at p. 884.)  First, the moving defendant must show "the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged."  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).)  The defendant must identify the activity each claim rests on and demonstrate that the activity is protected under one or more of the four categories of acts described in section 425.16, subdivision (e).  (*Wilson*, at p. 884.)  If the defendant carries its burden at step one, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success.  (§ 425.16, subd. (b)(1).)  If the plaintiff cannot make that showing, the trial court must strike the cause of action.  (*Wilson*, at p. 884.)

At issue here, section 425.16, subdivision (e)(2) protects any written or oral statement or writing made "in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."  (§ 425.16, subd. (e)(2).)  Prelitigation statements made in anticipation of litigation that is contemplated in good faith and under serious consideration may fall within the ambit of subdivision (e)(2).  (*Medallion Film LLC v. Loeb & Loeb LLP* (2024) 100 Cal.App.5th 1272, 1284 (*Medallion Film LLC*).)

## B.  SCOPE AND STANDARD OF REVIEW

We review an order granting or denying an anti-SLAPP motion de novo (*Park, supra*, 2 Cal.5th at p. 1067) and consider the pleadings and affidavits stating the facts upon which liability is based.  (§ 425.16, subd. (b)(2).)  We do not weigh the evidence and instead accept the plaintiff's evidence as true and consider only whether the moving defendant's evidence establishes an entitlement to prevail as a matter of law.  (*Park*, at p. 1067.)

The complaint defines the claims at issue in an anti-SLAPP motion.  (*Nirschl v. Schiller* (2023) 91 Cal.App.5th 386, 404.)  Plaintiff alleges Manian interfered with the Sommelier contract by falsely representing plaintiff did not perform under the contract,

4

stating plaintiff's work was poor, and "fabricating pretexts about [plaintiff's] invoices and business practices." Where a cause of action is based on a variety of factual allegations, we analyze each alleged activity and strike the allegations falling under the anti-SLAPP statute while allowing other allegations within the same cause of action to go forward. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1010–1011.) We do not consider whether actions not alleged in the complaint—such as those alleged only in declarations supporting plaintiff's opposition to the motion—should separately survive the anti-SLAPP motion. (*Medical Marijuana, Inc. v. ProjectCBD.com* (2020) 46 Cal.App.5th 869, 883 (*Medical Marijuana*).)

### C. MANIAN DID NOT CARRY HIS BURDEN AT STEP ONE

At the outset of the anti-SLAPP analysis, Manian must show at least one element of plaintiff's intentional interference with contract claim arises from his protected activity. (*Park*, *supra*, 2 Cal.5th at pp. 1062–1063.) A claim arises from protected activity when the activity is itself the basis for the claim. (*Id.* at p. 1062.) That is, a claim may be struck "only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." (*Id.* at p. 1060.) We therefore focus on the actions which would support liability and whether those actions constitute protected speech. (*Id.* at p. 1063.)

A plaintiff asserting an intentional interference with contract claim must plead and prove: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption; and (5) resulting damage. (*Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1148.) Plaintiff alleges Manian induced Sommelier to refuse payment under its contract with plaintiff by falsely representing that plaintiff had poor work product, was engaging in improper invoicing and business practices, and was not performing under the contract.

Manian argues he made such statements to Sommelier only after plaintiff sent the demand letter in February 2022.  But those acts are not the "wrong[s] complained of" in the complaint.  (*Park*, *supra*, 2 Cal.5th at p. 1060.)  The complaint alleges Manian falsely represented plaintiff's performance to Sommelier after the project commenced in April 2021.  The complaint does not allege facts concerning the demand letter or Sommelier's resulting investigation.  (See *Central Valley Hospitalists v. Dignity Health* (2018) 19 Cal.App.5th 203, 217–218.)  Manian concedes that the complaint does not establish a timeframe for the alleged false representations.  A party moving for anti-SLAPP relief cannot redefine the complaint's factual basis in order to show a claim arises from protected activity.  (*Bel Air Internet, LLC v. Morales* (2018) 20 Cal.App.5th 924, 936.)  Nor may we redraft the complaint here to limit its allegations as Manian suggests.  (*Medical Marijuana*, *supra*, 46 Cal.App.5th at p. 883.)

The essence of plaintiff's claim of intentional interference can be gleaned from the record (*Park*, *supra*, 2 Cal.5th at p. 1067):  Manian does not dispute that he managed plaintiff's relationship with Sommelier and was required to report plaintiff's status on the project to Sommelier on a monthly basis.  According to CEO Lewis, Manian began making false statements once Sommelier became obligated to pay plaintiff the success fee in late 2021.[1]  Manian acknowledges he discussed plaintiff's billing practices with Lewis in late 2021 and then terminated the contract via email without consulting Sommelier.  He then informed Lewis in January 2022 that Sommelier would not be paying the success fee or the early termination fee unless plaintiff contributed to Sommelier's growth for six more months.  In messages the day before plaintiff sent the

---

[1]  Manian asks us to disregard one declarant's statement for lack of personal knowledge.  The issue is forfeited on appeal because he does not identify the trial court's declining to do so as a distinct assignment of error nor provide analysis of the issue.  (*Roe v. McDonald's Corp.* (2005) 129 Cal.App.4th 1107, 1114.)  Regardless, we do not rely on any challenged portion of the declarations in reaching our conclusion.  (See *Martin v. Inland Empire Utilities Agency* (2011) 198 Cal.App.4th 611, 630–631.)

demand letter in February 2022, Manian asked Lewis to "stop lying and escalating" and suggested he would tell everyone in the blockchain space that Lewis had lied and defrauded Sommelier. Sommelier has refused to pay the contractual success and early termination fees since March 2022. Sommelier's statement that the issues raised in plaintiff's demand letter "came as a surprise" does not contradict the assertion that Manian discussed plaintiff's performance with Sommelier throughout the time in question.

Plaintiff's claim of intentional interference with contract arises from statements Manian made to Sommelier while discussing the contract and plaintiff's performance with Lewis in 2021 and early 2022. As Manian acknowledges, his actions before the demand letter are not within the scope of anti-SLAPP protection. (*Medallion Film LLC*, *supra*, 100 Cal.App.5th at p. 1284.) Manian's anti-SLAPP motion fails because he has not shown the intentional interference with contract claim arises from statements in response to plaintiff's demand letter. As a result, we need not determine whether his communications—independent of timing—would qualify as protected activity or fall within the commercial speech exception. (*Park*, *supra*, 2 Cal.5th at p. 1061.)

### III.    DISPOSITION

The order denying Manian's anti-SLAPP motion is affirmed. Plaintiff shall recover costs on appeal by operation of California Rules of Court, rule 8.278(a).

_____

Grover, Acting P. J.

**WE CONCUR:**


_____

Lie, J.


_____

Wilson, J.


H052148
*VolumeFi Software, Inc. v. Manian*